## RECORD NO. 11-1986

In The

# United States Court of Appeals

### For The Third Circuit

**PHYLLIS H. KISER, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased,**

*Plaintiff – Appellant,*

v.

**A.W. CHESTERTON CO., A Massachusetts Corporation; CRANE PACKING CO., An Illinois Corporation formerly known as John Crane, Inc.; CROWN CORK & SEAL COMPANY, INC., A New York Corporation; EXXON MOBIL CORPORATION, A New Jersey Corporation formerly known as Mobil Oil Corporation; FOSTER WHEELER CORPORATION, A New Jersey Corporation; GENERAL ELECTRIC COMPANY, A New York Corporation; GENERAL REFRACTORIES COMPANY, A Pennsylvania Corporation; GEORGIA-PACIFIC LLC, formerly known as Georgia-Pacific Corporation; GOULDS PUMPS, INCORPORATED, A Delaware Corporation; HARSCO INDUSTRIAL PATTERSON-KELLEY, A Division of Harsco Corporation as successor to Patterson-Kelley Company. A Delaware Corporation; INGERSOLL-RAND COMPANY, A New Jersey Corporation; JOHN CRANE INC., Not a Virginia Corporation; METROPOLITAN LIFE INSURANCE COMPANY, A New York Corporation; RAPID AMERICAN CORPORATION, A New York Corporation; RILEY POWER, INC., A Massachusetts Corporation formerly known as Babcock Borsig Power, Inc. formerly known as D.B. Riley, Inc. formerly known as Riley Stocker Corporation; SEPCO, CORPORATION, Not a Virginia Corporation; TRANE U.S., INC., A Delaware Corporation formerly known as American Standard, Inc.; UNIROYAL, INC., A Delaware Corporation; CBS CORPORATION, A Delaware Corporation; WARREN PUMPS, LLC, Not a Virginia Corporation; ZENITH PUMPS, Not a Virginia Corporation,**

*Defendants – Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

### BRIEF OF APPELLEES

---

Michael A. Pollard
Michael C. McCutcheon
BAKER & MCKENZIE LLP
130 East Randolph Drive, Suite 3500
Chicago, Illinois 60601
(312) 861-2786

*Counsel for John Crane Inc.*

Brian J. Schneider
C. Stinson Mundy
MORAN, REEVES & CONN P.C.
4110 East Parham Road
Richmond, Virginia 23228
(804) 864-4814

*Counsel for John Crane Inc.*

*(Additional Counsel Inside Cover)*

# RECORD NO. 11-1986

Stephen R. Jackson
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510
(757) 628-5642

*Counsel for Riley Power, Inc. &*
   *SEPCO Corporation*

David M. Sturm
TADDEOSTURM PLC
3 West Cary Street
Richmond, Virginia  23220
(804) 344-8540

*Counsel for General Electric Company &*
   *Foster Wheeler Corporation*

Tracey McDevitt Hagan
REILLY, JANICZEK & MCDEVITT, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia, Pennsylvania  19107
(215) 972-5200

*Counsel for SEPCO Corporation*

R. Thomas Radcliffe, Jr.
Kay Millicent Brown
Kira A. Ligato
DEHAY & ELLISTON, LLP
36 South Charles Street, Suite 1300
Baltimore, Maryland  21201
(410) 783-7225

*Counsel for Goulds Pumps, Inc.*

Timothy S. Brunick
CLARKE, DOLPH, RAPAPORT, HULL,
   BRUNICK & GARRIOTT, PLC
6160 Kempsville Circle, Suite 101A
Norfolk, Virginia  23502
(757) 466-0464

*Counsel for Warren Pumps, LLC*

Jeffrey S. Poretz
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia  22102
(703) 610-8650

*Counsel for Georgia-Pacific LLC,*
   *f/k/a Georgia-Pacific Corporation*

Patricia Bugg Turner
SPOTTS FAIN, PC
411 East Franklin Street, Suite 600
Post Office Box 1555
Richmond, Virginia  23218
(804) 697-2000

*Counsel for Ingersoll-Rand Company,*
   *Trane U.S., Inc., & CBS Corporation*

Genevieve G. Marshall
GAVETT AND DATT, P.C.
15850 Crabbs Branch Way, Suite 180
Rockville, Maryland  20855
(301) 948-1177

*Counsel for Harsco Industrial Patterson-Kelley*

John J. Hare
Joshua D. Scheets
MARSHALL, DENNEHEY, WARNER,
   COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, Pennsylvania  19103
(215) 575-2609

*Counsel for Zenith Pumps*

## United States Court of Appeals for the Third Circuit

### Corporate Disclosure Statement and
### Statement of Financial Interest

No. <u>11-1986</u>

Phyllis Kiser

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, __John Crane Inc._____ makes the
following disclosure:

(Name of Party)

      1) For non-governmental corporate parties please list all parent corporations:

John Crane Inc. is a wholly owned subsidiary of John Crane Group, Ltd. (UK), which itself is a wholly owned subsidiary of
Smiths Group Inter. Holdings, Ltd. Smith Group Inter. Holdings, Ltd. is wholly owned by Smiths Group PLC, which is traded
on the London Stock Exchange.

      2) For non-governmental corporate parties please list all publicly held companies
that hold 10% or more of the party's stock:

John Crane Inc. is a wholly owned subsidiary of John Crane Group, Ltd. (UK), which itself is a wholly owned subsidiary of
Smiths Group Inter. Holdings, Ltd. Smith Group Inter. Holdings, Ltd. is wholly owned by Smiths Group PLC, which is traded
on the London Stock Exchange

      3) If there is a publicly held corporation which is not a party to the proceeding
before this Court but which has as a financial interest in the outcome of the proceeding, please
identify all such parties and specify the nature of the financial interest or interests:

n/a

      4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy
estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors'
committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is
active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the
appeal, this information must be provided by appellant.

n/a

_____
(Signature of Counsel or Party)

Dated: __May 4, 2011_____

(Page 2 of 2)

## United States Court of Appeals for the Third Circuit

## Corporate Disclosure Statement and
## Statement of Financial Interest

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, **CBS Corporation** makes the following disclosure:

(Name of Party)

       1) For non-governmental corporate parties please list all parent corporations:

None.

       2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

None.

       3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

None Known.

       4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

Not Applicable.

_____          Dated: _5/2/2011_
(Signature of Counsel or Party)

(Page 2 of 2)

*rev: 11/2008*

**United States Court of Appeals for the Third Circuit**

<u>**Corporate Disclosure Statement and**</u>
<u>**Statement of Financial Interest**</u>

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Deceased

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, Foster Wheeler Corporation makes the following disclosure:

(Name of Party)

1) For non-governmental corporate parties please list all parent corporations:

See attached.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

See attached.

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

See attached.

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

Not applicable

_____
(Signature of Counsel or Party)

Dated: May 19, 2011

(Page 2 of 2)

Foster Wheeler Corporation is survived by merger by Foster Wheeler LLC, which is a private, non-governmental party and the following are corporate parents, affiliates and/or subsidiaries of said party that are publicly held: Foster Wheeler AG (Switzerland) is a publicly held entity which owns 100% of the stock of Foster Wheeler Ltd. (Bermuda). Foster Wheeler Ltd. owns 100% of the stock of Foster Wheeler Holdings Ltd. (Bermuda). Foster Wheeler Holdings Ltd. owns 100% of the stock of Foster Wheeler LLC (Delaware). Foster Wheeler LLC owns 100% of the stock of Foster Wheeler Energy Corporation (Delaware). Based on 13F filings that have been filed to date with the U.S. Securities and Exchange Commission for the period ending   March 31, 2010, no publicly held corporation owns 10% or more of Foster Wheeler AG's stock.

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and
Statement of Financial Interest**

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, **General Electric Company** makes the following disclosure:

(Name of Party)

      1) For non-governmental corporate parties please list all parent corporations:

General Electric Company has no parent corporation.

      2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

No publicly traded company or other entity owns 10% or more of General Electric Company.

      3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

None

      4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

Not applicable

_____
(Signature of Counsel or Party)

Dated: May 19, 2011
_____

(Page 2 of 2)

**United States Court of Appeals for the Third Circuit**

<u>Corporate Disclosure Statement and</u>
<u>Statement of Financial Interest</u>

No. __11-1986__

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, <u>Harsco Industrial / Patterson-Kelley Co.</u> makes the
following disclosure:                                              (Name of Party)

1) For non-governmental corporate parties please list all parent corporations:

None.

2) For non-governmental corporate parties please list all publicly held companies
that hold 10% or more of the party's stock:

None.

3) If there is a publicly held corporation which is not a party to the proceeding
before this Court but which has as a financial interest in the outcome of the proceeding, please
identify all such parties and specify the nature of the financial interest or interests:

None.

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy
estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors'
committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is
active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the
appeal, this information must be provided by appellant.

Not applicable.

Genevieve G. Marshall                        Dated: 5/4/11
(Signature of Counsel or Party)

(Page 2 of 2)

*rev: 11/2008*

## United States Court of Appeals for the Third Circuit

### Corporate Disclosure Statement and
### Statement of Financial Interest

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, **Ingersoll-Rand Co.** makes the
following disclosure:

(Name of Party)

1) For non-governmental corporate parties please list all parent corporations:

None.

2) For non-governmental corporate parties please list all publicly held companies
that hold 10% or more of the party's stock:

Ingersoll-Rand Company, Limited.

3) If there is a publicly held corporation which is not a party to the proceeding
before this Court but which has as a financial interest in the outcome of the proceeding, please
identify all such parties and specify the nature of the financial interest or interests:

None Known.

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy
estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors'
committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is
active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the
appeal, this information must be provided by appellant.

Not Applicable.

_____          Dated: ___5/2/2011___
(Signature of Counsel or Party)

(Page 2 of 2)

*rev: 11/2008*

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and**
**Statement of Financial Interest**

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation makes the following disclosure:

_____
(Name of Party)

1) For non-governmental corporate parties please list all parent corporations:

Georgia-Pacific LLC is wholly owned by Georgia-Pacific Holdings, LLC, a Delaware limited liability company.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

No publicly held company holds more than 10% or more of Georgia-Pacific LLC's stock.

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

None.

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

Not Applicable.

_____
(Signature of Counsel or Party)

Dated: 5/4/2011
_____

(Page 2 of 2)

*rev: 11/2008*

**United States Court of Appeals for the Third Circuit**

## Corporate Disclosure Statement and
## Statement of Financial Interest

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr.

v.

A.W. Chesterton, Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, <u>Goulds Pumps, Inc.</u> makes the
following disclosure:
(Name of Party)

      1) For non-governmental corporate parties please list all parent corporations:


ITT Industries, Inc.


      2) For non-governmental corporate parties please list all publicly held companies
that hold 10% or more of the party's stock:


ITT Industries, Inc.


      3) If there is a publicly held corporation which is not a party to the proceeding
before this Court but which has as a financial interest in the outcome of the proceeding, please
identify all such parties and specify the nature of the financial interest or interests:


N/A


      4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy
estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors'
committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is
active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the
appeal, this information must be provided by appellant.

N/A

_Kira L. Legato_
(Signature of Counsel or Party)

Dated: _5/12/11_

(Page 2 of 2)

**United States Court of Appeals for the Third Circuit**

## Corporate Disclosure Statement and
## Statement of Financial Interest

No. ___11-1986___


Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser

v.

A.W. Chesterton Co., et al.


Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.


(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, **Riley Power Incorporated** makes the following disclosure:

(Name of Party)

      1) For non-governmental corporate parties please list all parent corporations:


  Babcock Power, Inc.


      2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:




      3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:




      4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.



Joan P. Depfer

(Signature of Counsel or Party)

Dated: 5/4/2011


(Page 2 of 2)


*rev: 11/2008*

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and
Statement of Financial Interest**

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased

v.

A.W. Chesterton Co., et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1,  **SEPCO, Corporation** makes the
following disclosure:

_____(Name of Party)_____

        1) For non-governmental corporate parties please list all parent corporations:

St. Gobain Performance Plastics, Inc.

        2) For non-governmental corporate parties please list all publicly held companies
that hold 10% or more of the party's stock:

N/A

        3) If there is a publicly held corporation which is not a party to the proceeding
before this Court but which has as a financial interest in the outcome of the proceeding, please
identify all such parties and specify the nature of the financial interest or interests:

N/A

        4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy
estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors'
committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is
active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the
appeal, this information must be provided by appellant.

N/A

_____
(Signature of Counsel or Party)

Dated: _____5-5-11_____

(Page 2 of 2)

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and**
**Statement of Financial Interest**

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased

v.

A. W. Chesteron, et al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, **Trane US, Inc.** _____ makes the following disclosure:

(Name of Party)

1) For non-governmental corporate parties please list all parent corporations:

Trane US, Inc. has no parent corporation.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

Ingersol Rand PLC (Ireland)

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

None.

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

Not applicable.

_____

(Signature of Counsel or Party)

Dated: 5/18/2011 _____

(Page 2 of 2)

*rev: 11/2008*

# United States Court of Appeals for the Third Circuit

## Corporate Disclosure Statement and Statement of Financial Interest

No. 11-1986

Phyllis H. Kiser, Executrix of the Estate of Orvin H. Kiser, Sr. Deceased

v.

A.W. Chesterton Co., et. al.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1,  **WARREN PUMPS, LLC** makes the
following disclosure:

(Name of Party)

1) For non-governmental corporate parties please list all parent corporations:

COLFAX CORPORATION

2) For non-governmental corporate parties please list all publicly held companies
that hold 10% or more of the party's stock:

COLFAX CORPORATION

3) If there is a publicly held corporation which is not a party to the proceeding
before this Court but which has as a financial interest in the outcome of the proceeding, please
identify all such parties and specify the nature of the financial interest or interests:

NONE

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy
estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors'
committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is
active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the
appeal, this information must be provided by appellant.

NOT APPLICABLE

_(Signature of Counsel or Party)_

Dated: 5/5/11

(Page 2 of 2)

*rev: 11/2008*

**United States Court of Appeals for the Third Circuit**

## Corporate Disclosure Statement and
## Statement of Financial Interest

No.    11-1986

Phyllis Kiser

v.

A.W. Chesterton, et al

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption: 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, be filed upon the filing of a motion, response, petition or answer in this Court, or Upon the filing of the party's principal brief, whichever occurs first. An original and three copies must be Filed. A copy of the statement must also be included in the party's principal brief before the table of Contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, _____**Parker-Hannifin Corporation as predecessor in interest to Zenith Pumps**_____

(Name of Party)

    1)  For non-governmental corporate parties please list all parent corporations:

N/A

    2)  For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

N/A

    3)  If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

N/A

    4)  In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

N/A

/s/ _____*John J. Hare*_____          Dated:  _____5/13/11_____
(Counsel for Parker-Hannifin Corporation)

01/6853781.v1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ iii

I.    STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ............................................................................1

II.   STATEMENT OF ISSUES PRESENTED ....................................................1

III.  STATEMENT OF FACTS ..........................................................................2

IV.   SUMMARY OF THE ARGUMENT ............................................................5

V.    STANDARD OF REVIEW ..........................................................................7

VI.   ARGUMENT..............................................................................................7

       A.    The Virginia Statute of Limitations Bars Plaintiff's Lawsuit ..............7

             1.    Virginia Has Long Followed an Indivisible Injury Rule when Applying the Statute of Limitations ................................10

             2.    The 1985 Amendment to Virginia Code Section 8.01-249 Did Not Abrogate the Indivisible Injury Rule .........................15

                   a.    The text of Section 8.01-249(4) does not express the General Assembly's intent to abrogate the indivisible injury rule.......................................................16

                   b.    Legislative activity occurring both before and after the 1985 Amendment establishes that the General Assembly did not abrogate the indivisible injury rule ...................................................................23

                   c.    Plaintiff's case law does not support her interpretation of Section 8.01-249(4) .............................27

i

      B.     The Court Should Deny Plaintiff's Request to Certify a Question for Review by the Supreme Court of Virginia ....................31

VII.   CONCLUSION...............................................................................................34

CERTIFICATE OF BAR MEMBERSHIP

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF DIGITAL SUBMISSION

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allstate Ins. Co. v. McElrath*,
    No. 10-cv-788, 2011 U.S. Dist. LEXIS 66243
    (E.D. Va. June 15, 2011) ................................................................. 33

*Arrington v. Peoples Security Life Insurance Co.*,
    250 Va. 52, 458 S.E.2d 289 (1995) ................................................. 31

*Baskett v. Banks*,
    186 Va. 1022, 45 S.E.2d 173 (1947) ............................................... 29

*BBF, Inc. v. Alstom Power, Inc.*,
    274 Va. 326, 645 S.E.2d 467 (2007) ............................................... 20

*Brown v. American Broadcasting Co., Inc.*,
    704 F.2d 1296 (4th Cir. 1983) ...........................................10, 11, 13

*Catron v. State Farm Mut. Auto. Ins. Co.*,
    255 Va. 31, 496 S.E.2d 436 (1998) ................................................. 21

*Caudill v. Wise Rambler, Inc.*,
    210 Va. 11, 168 S.E.2d 257 (1969) .................................... 10, 13, 14

*Country Vintner, Inc. v. Louis Latour, Inc.*,
    272 Va. 402, 634 S.E.2d 745 (2006) ...................................... 16, 17

*Fairbanks, Morse & Co. v. Town of Cape Charles*,
    144 Va. 56, 131 S.E.2d 437 (1926) ................................................. 18

*Fusaro v. Porter-Hayden Co.*,
    548 N.Y.S.2d 856 (N.Y. Sup. Ct. 1989), *aff'd*,
    170 A.D.2d 239 (N.Y. App. Div. 1st Dep't 1991) ........................ 30

*Hamilton v. Asbestos Corp.*,
    998 P.2d 403 (Cal. 2000) .................................................................. 29

*Hitt Construction et al. v. Pratt*,
    53 Va. App. 422, 672 S.E.2d 904 (2009) ......................................................24

*Idoux v. Estate of Raja Alexander Helou*,
    279 Va. 548, 691 S.E.2d 773 (2010) ...........................................................18

*In re FELA Asbestos Cases*,
    646 F. Supp. 610 (W.D. Va. 1985)...............................................................15

*Jenkins v. Mehra*,
    281 Va. 37, 704 S.E.2d 577 (2011) ..............................................................17

*Joyce v. A.C. & S., Inc.*,
    591 F. Supp. 449 (W.D. Va. 1984), *aff'd*,
    785 F.2d 1200 (4th Cir. 1986) ..............................................................*passim*

*Knodel v. Dickerman*,
    246 Va. 124, 431 S.E.2d 323 (1993) ...........................................................22

*Large v. Bucyrus-Erie Co.*,
    707 F.2d 94 (4th Cir. 1983) .........................................................................13

*Legard v. EQT Prod. Co.*,
    771 F. Supp. 2d 607 (W.D. Va. 2011)..........................................................33

*Lehman Bros. v. Schein*,
    416 U.S. 386, 94 S. Ct. 1741, 40 L. Ed. 2d 215 (1974) ................................32

*Locke v. John-Manville Corp.*,
    221 Va. 951, 275 S.E.2d 900 (1981) ......................................................*passim*

*Louisville & N. R. Co. v. Saltzer*,
    151 Va. 165, 144 S.E. 456 (1928) ..............................................10, 11, 13, 15

*Martin v. Howard*,
    273 Va. 722, 643 S.E.2d 229 (2007) ...........................................................24

*Matthews v. The Celotex Corp.*,
    569 F. Supp. 1539 (D.N.D. 1983) ...............................................................30

*Meredith v. City of Winter Haven*,
  320 U.S. 228, 64 S. Ct. 7, 88 L. Ed. 9 (1943) ................................................33

*Nationwide Ins. Co. v. Resseguie*,
  980 F.2d 226 (3d Cir. 1992) ........................................................................16

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ..........................................................................7

*Potts v. The Celotex Corp.*,
  796 S.W.2d 678 (Tenn. 1990) ......................................................................30

*Richmeade, L.P. v. City of Richmond*,
  267 Va. 598, 594 S.E.2d 606 (2004) ...........................................................21

*Robinson v. Johnson*,
  313 F.3d 128 (3d Cir. 2002) ...........................................................................7

*Roller v. Basic Const. Co.*,
  238 Va. 321, 384 S.E.2d 323 (1989) ...........................................................23

*Sensenbrenner v. Rust, Orling & Neale*,
  236 Va. 419, 374 S.E.2d 55 (1988) .............................................................29

*Seymour v. Richardson*,
  194 Va. 709, 75 S.E.2d 77 (1953) ...............................................................29

*Shipman v. Kruck*,
  267 Va. 495, 593 S.E.2d 319 (2004) .........................................13, 15, 21, 33

*SIGNAL Corp. v. Keane Federal Systems, Inc.*,
  265 Va. 38, 574 S.E.2d 253 (2003) .............................................................20

*Simon v. Forer*,
  265 Va. 483, 578 S.E.2d 792 (2003) ...................................................... 21-22

*Sparks v. The Celotex Corp.*,
  1991 U.S. Dist. LEXIS 15791 (W.D. Va. 1991).....................................13, 26

*St. George v. Pariser*,
    253 Va. 329, 484 S.E.2d 888 (1997) ......................................................13, 33

*Street v. Consumers Mining Corp.*,
    185 Va. 561, 39 S.E.2d 271 (1946) ..............................................................22

*Temple v. City of Petersburg*,
    182 Va. 418, 29 S.E.2d 357 (1944) ..............................................................18

*Town of Blackstone v. Southside Elec. Cooperative*,
    256 Va. 527, 506 S.E.2d 773 (1998) ............................................................21

*United States v. McGlory*,
    202 F.3d 664 (3d Cir. 2000) ..........................................................................1

*Wade v. Norfolk & S. Ry. Co*,
    No. CL05-523, 2009 Va. Cir. LEXIS 26 (Va. Cir. Ct. 2009) ......................23

*Weathers v. Commonwealth*,
    262 Va. 803, 553 S.E.2d 729 (2001) ......................................................20, 23

*West Am. Ins. Co. v. Bank of Isle of Wight*,
    673 F. Supp. 760 (E.D. Va. 1987) ................................................................33

*Wicks v. City of Charlottesville*,
    215 Va. 274, 208 S.E.2d 752 (1974) ......................................................17, 23

*Yang v. Odom*,
    392 F.3d 97 (3d Cir. 2004) ............................................................................7

*Zankel v. Temple University*,
    245 F. App'x 196 (3d Cir. 2007) ....................................................................7

## STATUTES

45 U.S.C. § 51 *et seq.*...................................................................................23

Cal. Civ. Proc. Code § 340.2 ........................................................................ 29-30

Va. Code § 1-200 ...........................................................................................17

Va. Code § 8.01-50 ...................................................................9

Va. Code § 8.01-50(A) ..............................................................9

Va. Code § 8.01-229 ...............................................................22

Va. Code § 8.01-230 ..........................................................*passim*

Va. Code § 8.01-243(A) ......................................................*passim*

Va. Code § 8.01-249 ..........................................................*passim*

Va. Code § 8.01-249(4) ......................................................*passim*

Va. Code § 8.01-275 ...............................................................25

Va. Code § 8.01-277(B) ...........................................................25

Va. Code § 8.01-335(D) ...........................................................25

Va. Code § 8.01-420 ...............................................................29

Va. Code § 38.2-2206 ..............................................................21

Va. Code § 46.2-368 ...............................................................21

Va. Code § 55-36 ...................................................................29

Va. Code § 65.2-406(B) ......................................................23, 24

**RULES**

3rd Cir. LAR Misc. 110.1 .........................................................2

Fed. R. App. P. 4(a)(4)(B)(ii) ...................................................1

Fed. R. Civ. P. 12(b)(6)......................................................4, 6, 7, 9

Va. Sup. Ct. R. 3:5(e)............................................................25

Va. Sup. Ct. R. 5:40 ............................................................................2, 32

Va. Sup. Ct. R. 5:40(a)......................................................................32, 33

## OTHER AUTHORITY

Restatement (Second) of Torts § 402A...................................................29

## I.     STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION[1]

Defendants agree with Plaintiff's Statement of Subject Matter and Appellate Jurisdiction with the exception that Plaintiff incorrectly asserts that this Court has jurisdiction to review the District Court's April 27, 2011, order denying her motion for reconsideration.  (Br. of Appellant at 2.)  Plaintiff's failure to amend her Notice of Appeal after entry of the District Court's April 27, 2011, order deprives this Court of jurisdiction to review the order and the issues raised in Plaintiff's motion for reconsideration.  Fed. R. App. Proc. 4(a)(4)(B)(ii); *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000).  This Court's review, therefore, is limited to the District Court's March 27, 2011, order dismissing Plaintiff's lawsuit.  *Id.*

## II.     STATEMENT OF ISSUES PRESENTED

1.     Whether the 1985 amendment to Virginia Code § 8.01-249 abrogated Virginia's common law "indivisible injury" rule that governs the accrual of a cause of action and the running of the statute of limitations for asbestos-related injury lawsuits.  This issue was raised at A396-432 and A574-581, and ruled upon by the District Court at A1-13, A14 and A19.

---

[1] This brief is filed jointly on behalf of the following defendants: John Crane Inc.; A.W. Chesterton Co.; Crane Packing Co.; CBS Corp.; Foster Wheeler Corp.; General Electric Co.; Harsco Industrial Patterson-Kelly, Ingersoll-Rand Co.; Georgia-Pacific LLC; Goulds Pumps, Inc.; Riley Power, Inc.; SEPCO Corporation; Trane U.S., Inc.; Warren Pumps LLC; and Zenith Pumps (collectively referred to herein as "Defendants").

2.     Whether the District Court correctly ruled that Phyllis H. Kiser's ("Plaintiff") lawsuit had been filed beyond Virginia's statute of limitations, Virginia Code Sections 8.01-243(A) and 249(4), where Orvin H. Kiser's ("Kiser") diagnosis with a disabling asbestos-related disease was first communicated to him in 1988, but Plaintiff did not file suit against Defendants until 2010.  This issue was raised at A74, 78-91, 127-130, 132-144, 156, 172, 177, 189, 194-208, 298, 308, 315, 326, 330-336, 343-354, 373, 376, 390-395, 443, 438-444, 446, 450, 476, 481-487, 488-491, and 518-531, and ruled upon by the District Court at A1-13, A14 and A19.

3.     Whether the first issue presented above should be certified to the Supreme Court of Virginia pursuant to Third Circuit Local Appellate Rule Misc. 110.1 and Virginia Supreme Court Rule 5:40.  This issue was raised at A165, A383, A420-21, A565-566 and A577-578, and ruled upon at A22.

## III.   STATEMENT OF FACTS

On May 11, 1988, Richard B. Levine, M.D. diagnosed Kiser with "[e]arly pleural thickening bilaterally consistent with previous asbestos exposure and or asbestos related disease."  (A249, May 11, 1988, Ltr. from Richard B. Levine, M.D.)  On or about April 26, 1990, Kiser filed a lawsuit in the United States District Court for the Western District of Virginia against eighteen manufacturers, sellers, and distributors of asbestos-containing products, seeking to recover

2

damages relating to his subsequent diagnosis of asbestosis (the "Original Action"), allegedly caused by his work with and around the defendants' products during his employment at the E. I. DuPont de Nemours & Company plant in Waynesboro, Virginia ("DuPont"). (A94-117.) Kiser alleged that he had "suffered and will suffer very serious injuries" as a result of defendants' wrong-doing, and that he had "suffered great pain, extreme nervousness and mental anguish" as a result of his injuries. (A116.) Kiser further alleged that "[h]is enjoyment of life ha[d] been greatly impaired, and his life expectancy ha[d] been greatly shortened," and that he was then and would continue to be "permanently and totally disabled" as a result of his injuries. (A116.) Kiser sought $2,000,000 in compensatory and punitive damages. (A116.)

The Original Action was transferred to the United States District Court for the Eastern District of Pennsylvania (the "District Court") for consolidated pretrial proceedings on or about September 18, 1991. (A122.) The Original Action remained dormant in the District Court from March 1993 until July 29, 2010, when it was voluntarily dismissed. (A124-126.) At that time, the District Court dismissed with prejudice the only two "non-bankrupt" defendants, and dismissed without prejudice the remaining "bankrupt defendants." (A125-26.) Kiser had previously settled with some of the defendants in the Original Action. (A228, Pl.'s Answers to 1st Set of Interrogs.)

On or about October 26, 2010, Plaintiff filed the instant wrongful death action in the United States District Court for the Western District of Virginia, (A48-67), which was subsequently transferred to the District Court (A369).  None of the twenty-one Defendants named in the instant action had been named in the Original Action. (*Compare* A94-99 *with* A48-59.)  Plaintiff's Complaint alleges, as the Original Action did, that Kiser had been exposed to asbestos-containing products during his employment at DuPont from 1957 through 1985, and further alleges that this exposure caused Kiser to develop mesothelioma – diagnosed November 7, 2008 – which led to his death on March 30, 2009.  (A52-66.)

Defendants were served with process during Fall and Winter of 2010, and thereafter filed responsive pleadings, including Rule 12(b)(6) and similar motions, to dismiss Plaintiff's Complaint as untimely.  (A74, 78-130, 132-146, 156, 165, 172, 177, 189, 194-208, 298, 308, 315-317, 326, 330-336, 343-354, 373, 376, 383, 390-395, 443, 438-444, 446, 450, 466, 476, 481-487, 488-491, and 518-531.) Each of Defendants' motions either incorporated by reference or reiterated, in substantially the same form, the arguments presented by defendant CBS Corporation regarding application of the Virginia statute of limitations – Virginia Code Sections 8.01-243(A) and 249(4) – to Plaintiff's claim.  (A78-127, 518-540.) On March 8, 2011, the District Court heard oral argument on the pending motions to dismiss.  (A547-573.)  On March 17, 2011, the District Court entered an order

granting Defendants' motions and dismissing Plaintiff's lawsuit as barred by the applicable statute of limitations. (A1-14.)

On March 24, 2011, Plaintiff moved for reconsideration of the March 17, 2011, order. (A574-582.) On April 14, 2011, while Plaintiff's motion for reconsideration was pending, she timely filed her Notice of Appeal. (A15.) On April 27, 2011, the District Court denied Plaintiff's motion to reconsider; however, she did not file an amended Notice of Appeal. (A19.)

## IV.    SUMMARY OF THE ARGUMENT

Virginia law provides that all personal injury actions must be filed within two years of the date the injury is sustained. *See* Va. Code §§ 8.01-230, 243(A) (2011). In asbestos injury cases, such as this one, the Virginia General Assembly has created an exception to the general rule governing claims accrual embodied in Virginia Code Section 8.01-249(4), which states that asbestos-related claims accrue, and the statute of limitations begins to run, as soon as a physician communicates the diagnosis of a disabling asbestos-related disease to the plaintiff. *See* Va. Code § 8.01-249(4).

The exception embodied in Section 8.01-249(4), which was adopted in 1985, created, for the first time in Virginia, a "discovery rule" governing the accrual of asbestos-related injury claims. However, contrary to Plaintiff's contention, Section 8.01-249(4) did not abrogate the "indivisible injury" rule applicable to all tort

claims decided under Virginia law.  Under this rule, the statute of limitations for all asbestos-related claims begins to run at the time of a plaintiff's initial diagnosis of **any** disabling asbestos-related disease.  *Joyce v. A.C. & S., Inc.*, 785 F.2d 1200, 1203-05 (4th Cir. 1986).  Accordingly, because it is undisputed that Kiser's diagnosis with a "disabling asbestos related injury or disease" had been communicated to him in 1988, he had until May 1990 to file any and all claims he had against any defendant relating to his asbestos exposure.  Va. Code § 8.01-249(4).  He failed to do so.  Because Plaintiff did not file the instant lawsuit seeking damages resulting from Kiser's mesothelioma until 2010, her lawsuit is time-barred.

The District Court correctly granted Defendants' Rule 12(b)(6) motions to dismiss, because neither the express language of Section 8.01-249(4) nor the circumstances existing before or after its enactment in 1985 supports Plaintiff's conclusion that the statutory amendment had been intended to abrogate Virginia's long-standing indivisible injury rule.  The District Court's March 17, 2011, order dismissing Plaintiff's lawsuit should, therefore, be affirmed.

Moreover, because there is controlling Virginia precedent upon which this Court may rely in deciding the issue of whether Section 8.01-249(4) abrogated Virginia's "indivisible injury" rule, Plaintiff's request to certify the issue should be denied.

## V.    STANDARD OF REVIEW

This Court exercises plenary review over a district court's dismissal of a claim on limitations grounds.  *Yang v. Odom*, 392 F.3d 97, 101 (3d Cir. 2004). Moreover, "the standard of review for a dismissal under Fed. R. Civ. P. 12(b)(6) is *de novo.*"  *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).   In this case, because the facts are undisputed, the District Court correctly addressed the limitations issue at the motion to dismiss stage under Federal Rule of Civil Procedure 12(b)(6).  *See Zankel v. Temple University*, 245 F. App'x 196, 198 (3d Cir. 2007) (*citing Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)).

## VI.    ARGUMENT

### A.    The Virginia Statute of Limitations Bars Plaintiff's Lawsuit.

The Virginia statute of limitations for personal injury actions provides, in pertinent part, that "every action for personal injuries, whatever the theory of recovery… shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A) (2011).  Under Virginia Code Section 8.01-230, the time of accrual of the cause of action in most cases is delineated as follows:

> Accrual of cause of action. -- In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is **sustained** in the case of injury to the person… and **not when the resulting damage is discovered,** except where the relief sought is solely equitable or where otherwise provided …

Va. Code § 8.01-230 (2011) (emphasis added).

7

In actions for injury resulting from exposure to asbestos, however, Section 8.01-249(4) applies, and provides that a cause of action is deemed to accrue "when a diagnosis of asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related injury or disease is first communicated to the person or his agent by a physician."  Va. Code § 8.01-249(4) (2011).  The Virginia General Assembly amended Section 8.01-249 to include subsection (4) in 1985 ("the 1985 Amendment").  In applying the statute of limitations, Virginia does not recognize a separate cause of action for each asbestos-related injury or disease.  *Joyce v. A.C. & S., Inc.*, 785 F.2d 1200, 1203-05 (4th Cir. 1986).  Rather, a plaintiff's sole cause of action for **all** of his asbestos-related damages, including those that have not yet developed, accrues when a diagnosis of any disabling asbestos-related injury or disease is first communicated to the plaintiff.  *Id.*

Kiser was first diagnosed with a disabling asbestos-related disease on May 11, 1988.  (A249, A339.)  In an effort to escape the impact of Section 8.01-249(4), Plaintiff argues that the non-malignant asbestos-related disease alleged in the Original Action had rendered Kiser "essentially unimpaired" insofar as it "did not materially affect his daily life or his ability to care for himself or his family."  (Br. of Appellant at 4-5.)  However, the Original Action sought to recover $2,000,000 in damages for an asbestos-related disease that Kiser alleged had left him "permanently and totally disabled" as early as 1990.  (A116.)  Thus, pursuant to

8

Virginia Code Sections 8.01-243(A) and 249(4), Kiser had until May 1990 to file an action against **all** defendants to recover for any and **all** of his asbestos-related injuries. Kiser preserved his rights in April 1990 by timely filing the Original Action. (A94.) That lawsuit functioned to preserve the asbestos-related claims Kiser had against the defendants named in it, until the suit was voluntarily dismissed on July 29, 2010, nearly two years after Kiser was diagnosed with mesothelioma. The Original Action did not preserve any claims Kiser may have had against the instant Defendants.

Accordingly, when Plaintiff filed the instant action against twenty-one new Defendants on October 26, 2010, seeking damages for Kiser's death, the lawsuit had already been time-barred for over nineteen years. Indeed, Plaintiff is not permitted to file a wrongful death action for Kiser's mesothelioma and death under Virginia Code Section 8.01-50, because Kiser could not have filed a separate suit against Defendants to recover for his mesothelioma after May 1990 had his death not ensued. *See* Va. Code Ann. § 8.01-50(A) (providing a cause of action for wrongful death only where the decedent would have been permitted to maintain an action against the would-be defendant had his death not ensued). The District Court correctly dismissed Plaintiff's lawsuit pursuant to Rule 12(b)(6), because it is barred by Virginia's statute of limitations. As explained fully below, the District Court's March 17, 2011, order should be affirmed, because: (1) Virginia law

mandates the use of the indivisible injury rule when applying the statute of limitations; (2) the text of Section 8.01-249(4) does not express the Virginia General Assembly's intent to abrogate the indivisible injury rule; (3) the circumstances existing both before and after the adoption of Section 8.01-249(4) do not support a finding that the Virginia General Assembly changed the common law; and (4) Plaintiff's case law is inapposite.

### 1. Virginia Has Long Followed an Indivisible Injury Rule when Applying the Statute of Limitations.

"Virginia courts have long applied the rule that, for purposes of the statute of limitations, there is but a single, indivisible cause of action for all injuries sustained, whether or not all of the damage is immediately apparent." *Joyce*, 785 F.2d at 1204. In *Brown v. American Broadcasting Co., Inc.*, 704 F.2d 1296, 1300 (4th Cir. 1983), the Court of Appeals for the Fourth Circuit, applying the law of Virginia, held:

> where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor [sic] the statute of limitations attaches at once. It is not material that all of the damages resulting from the acts should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.

*Id.* (*citing Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 14-15, 168 S.E.2d 257, 260 (1969)); *Louisville & N. R. Co. v. Saltzer*, 151 Va. 165, 171, 144 S.E. 456, 457

(1928).  In other words, "[o]nce a cause of action is complete and the statute of limitations begins to run, it runs against all damages resulting from the wrongful act, even damages which may not arise until a future date."  *Brown*, 704 F.2d at 1300.  This doctrine is known as the "indivisible injury" rule and it has been the law of Virginia since at least 1928.  *See Saltzer*, 151 Va. at 171, 144 S.E. at 457.

It was not until 1981, however, that the Supreme Court of Virginia addressed the issue of accrual of a cause of action in lawsuits, like the instant one, involving latent disease.  *See Locke v. John-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981).  In *Locke*, plaintiff had been exposed to asbestos dust from defendants' thermal insulation products from 1948 until 1972.  221 Va. at 954, 275 S.E.2d at 902.  On November 1, 1977, plaintiff experienced shortness of breath and sought medical attention, but chest x-rays taken as late as April 14, 1978, were normal.  *Id.*  On May 22, 1978, however, additional chest x-rays revealed an abnormality in his lungs, and surgery later that year led to the diagnosis of cancer.  *Id*.  Plaintiff then filed suit in July of 1978.  *Id.*  The defendants moved for summary judgment, arguing that the cause of action had accrued no later than the date of plaintiff's last injurious exposure to an asbestos product, which had been more than five years before he filed suit.  221 Va. at 953, 275 S.E.2d at 902.  The trial court granted the defendants' motion.  221 Va. at 955, 275 S.E.2d at 903.

On appeal, the Supreme Court of Virginia reversed, holding that accrual was not "keyed to the date of the wrongful act," but rather "the running of the time is tied to the fact of harm to the plaintiff, without which no cause of action would come into existence." 221 Va. at 957-58, 275 S.E.2d at 904. The Supreme Court of Virginia defined "injury" under Section 8.01-230 to mean "positive, physical or mental hurt to the claimant, not legal wrong to him in the broad sense that his legally protected interests have been invaded." 221 Va. at 957, 275 S.E.2d at 904.

The Supreme Court in *Locke* then held that "the cause of action accrued and the statute of limitations began to run from the time the plaintiff was hurt." 221 Va. at 959, 275 S.E.2d at 905. The Supreme Court acknowledged that the crucial question is "[w]hen was the plaintiff hurt?" 221 Va. at 958, 275 S.E.2d at 905. Holding that the answer should be found within the medical evidence, the Supreme Court held that "[t]he 'time plaintiff was hurt' is to be established from available competent evidence, produced by a plaintiff or a defendant, that pinpoints the precise date of injury with a reasonable degree of medical certainty." 221 Va. at 959, 275 S.E.2d at 905. The Supreme Court then went on, in this asbestos liability case, to reiterate the applicability of the "indivisible injury" rule:

> Thus, we do not hold that the foregoing rule means the limitation period does not begin to run until the initial diagnosis is communicated to the victim or even until the first diagnosis is actually made. We merely conclude that the accrual point is when damage occurs. Under this rule, it is conceivable that when the disease manifests

> itself by symptoms, such as pain, discomfort or impairment of function, expert medical testimony will demonstrate the injury occurred weeks, months or even years before onset of the symptoms. Thus, the cause of action would accrue and the limitations period would run from the earlier and not the later time.

*Id*. The Supreme Court then stated that "the rule we have just articulated is **not** the so-called 'discovery' rule… Adoption of a discovery rule, which triggers the running of the statute only when the injury is discovered or should have been discovered in the exercise of reasonable diligence, **must be accomplished by the General Assembly**." 221 Va. at 959, 275 S.E.2d at 905-06. (emphasis added). Significantly, the Supreme Court in *Locke* further held that "the rule we adopt today is but an extension of our prior precedents, such as *Caudill* and *Saltzer*." *Id*.

Cases decided since *Locke*, including some involving asbestos liability or latent disease, have consistently applied the indivisible injury rule. *See*, *e.g.*, *Shipman v. Kruck*, 267 Va. 495, 502-03, 593 S.E.2d 319, 323-24 (2004); *St. George v. Pariser*, 253 Va. 329, 332, 484 S.E.2d 888, 890 (1997); *Joyce*, 785 F.2d at 1204; *Brown v. American Broadcasting Co., Inc.*, 704 F.2d 1296, 1300 (4th Cir. 1983); *Large v. Bucyrus-Erie Co.*, 707 F.2d 94, 97 (4th Cir. 1983); *Sparks v. The Celotex Corp.*, 1991 U.S. Dist. LEXIS 15791 *4 (W.D. Va. 1991). For example, in *Joyce v. A.C. & S., Inc.*, 591 F. Supp. 449 (W.D. Va. 1984), *aff'd*, 785 F.2d 1200 (4th Cir. 1986), plaintiff brought a personal injury action against various asbestos defendants. Relying on *Locke*, the district court granted summary judgment,

because plaintiff's injury had developed more than two years before his suit. *Id.* at 454. The Fourth Circuit affirmed the district court. 785 F.2d at 1205.

The *Joyce* case involved the question presented by this case – whether Virginia law provided a separate statute of limitations for each successive injury caused by the same wrongful act. That is, the Fourth Circuit was tasked with determining whether the Supreme Court of Virginia had abrogated the "indivisible injury" rule in favor of the "two injury" or "separate disease" rule through its holding in *Locke*. The Fourth Circuit held that it had not, and quoted Virginia case law recognizing only **one** cause of action for all injuries sustained. *Joyce*, 785 F.2d at 1204 (*quoting Caudill*, 210 Va. at 14-15, 168 S.E.2d at 260). The Fourth Circuit recognized that Virginia had continued to maintain its indivisible injury rule after *Locke* in cases involving asbestos-related injuries. *Id.* at 1205. In this regard, the Fourth Circuit held:

> Although the indivisible cause of action theory is readily justified in cases of traumatic injury, where all damages are generally immediately apparent, its result may be harsh when applied to asbestos-related or to other "creeping disease" cases where, by definition, there may be gaps between the onset of various distinct injuries caused by exposure to asbestos. **We are not, of course, at liberty to modify the rule. Any change in favor of asbestos or other latent disease plaintiffs must come from the Supreme Court of Virginia or the General Assembly of that state.**

14

*Id.* (emphasis added); *see also In re FELA Asbestos Cases*, 646 F. Supp. 610, 613 (W.D. Va. 1985) (*citing Joyce* and *Saltzer* and holding that a cause of action for asbestosis accrued when initial diagnosis of pleural plaques was made).

The indivisible injury rule has not been discussed in the context of asbestos cases since the Fourth Circuit's decision in *Joyce*. Nevertheless, *Joyce* and the Virginia cases that have followed *Locke* demonstrate that the "indivisible injury" rule remained the well-settled law of Virginia long after *Locke* was decided, and, as discussed below, long after the 1985 Amendment to Section 8.01-249. *See also Shipman*, 267 Va. at 502-03, 593 S.E.2d at 323-24 (applying the indivisible injury rule in 2004).

> ### 2.     The 1985 Amendment to Virginia Code Section 8.01-249 Did Not Abrogate the Indivisible Injury Rule.

The crux of Plaintiff's appeal is that the 1985 Amendment to Virginia Code Section 8.01-249 – embodied at 249(4) – unambiguously creates both a discovery rule **and** abrogates the long-standing "indivisible injury" rule in asbestos cases. Plaintiff is correct that the statute is unambiguous, but her interpretation of it is wrong. The language of Section 8.01-249(4) **does** set forth a discovery rule in asbestos-related personal injury actions which, prior to the 1985 Amendment, Virginia courts had expressly rejected. *See Locke*, 221 Va. at 959, 275 S.E.2d at 905-06. However, the Virginia General Assembly did **not** – through its silence – abrogate the "indivisible injury rule" through the 1985 Amendment. Plaintiff's

attempt to graft an additional provision into the statute that plainly does not exist on its face should be rejected, because:  (1) a legislative intent to abrogate the common law indivisible injury rule is not plainly manifested in the text of the statute, and (2) the circumstances existing both before and after the 1985 Amendment do not support a conclusion that the General Assembly changed the common law indivisible injury rule.

> **a.**     **The text of Section 8.01-249(4) does not express the General Assembly's intent to abrogate the indivisible injury rule.**

This Court must follow Virginia common law governing statutory construction in interpreting the meaning of Section 8.01-249(4), because there is no reported decision by the Supreme Court of Virginia or the Virginia Court of Appeals construing the statute.  *Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 229, 231 (3d Cir. 1992).  The Supreme Court of Virginia has repeatedly stated that "[t]he common law will not be considered as altered or changed by statute unless the legislative intent is plainly manifested.  A statutory change in the common law is limited to that which is expressly stated or necessarily implied because the presumption is that no change was intended."  *Country Vintner, Inc. v. Louis Latour, Inc.*, 272 Va. 402, 412, 634 S.E.2d 745, 751 (2006) (citations and internal quotation marks omitted).  Moreover, "even where a statute's purpose is to abrogate the common law, such statute is to be strictly construed and not to be

enlarged in its operation by construction beyond its express terms." *Jenkins v. Mehra*, 281 Va. 37, 45, 704 S.E.2d 577, 581 (2011) (citations and internal quotation marks omitted); *Wicks v. City of Charlottesville*, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974) ("Unless it is clear from express language that the legislature intended to deviate from the common law, a court will construe a statute 'as near to the reason of the common law' as possible").

Thus, "[w]hen an enactment does not encompass the entire subject covered by the common law, it abrogates the common law rule only to the extent that its terms are directly and irreconcilably opposed to the rule." *Country Vintner, Inc.*, 272 Va. at 412, 634 S.E.2d at 751 (citations and internal quotation marks omitted). Virginia's strict adherence to the common law is codified at Virginia Code Section 1-200, which provides that "[t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly." Va. Code § 1-200 (2011).

The Supreme Court of Virginia recently reiterated the consistently stated principles of strict statutory construction that are applied when a statute is clear and unambiguous:

> While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal

17

> construction would involve a manifest absurdity…
> [When] the legislature has used words of a plain and
> definite import the courts cannot put upon them a
> construction which amounts to holding the legislature did
> not mean what it has actually expressed.

*Idoux v. Estate of Raja Alexander Helou*, 279 Va. 548, 552-53, 691 S.E.2d 773, 775 (2010). The Supreme Court of Virginia has further held that when "the language of a statute is plain and unambiguous, and its meaning perfectly clear and definite, effect must be given to it regardless of what courts think of its wisdom or policy." *Temple v. City of Petersburg*, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944). "Under the distribution of powers by the Constitution, it is the function of [the] court to interpret and not to enact laws. The latter power belongs to the legislature alone." *Fairbanks, Morse & Co. v. Town of Cape Charles*, 144 Va. 56, 63, 131 S.E.2d 437, 439 (1926).

Applying these principles, this Court (like the District Court below) should reject Plaintiff's contention that the 1985 Amendment abrogated the indivisible injury rule in Virginia asbestos cases. Ostensibly in response to the Supreme Court of Virginia's invitation in *Locke*, the General Assembly enacted Section 8.01-249(4), to create a discovery rule in derogation of the common law in force at the time. Virginia Code Section 8.01-249(4) provides clearly, and without ambiguity, that:

> The cause of action in the actions herein listed shall be
> deemed to accrue as follows:

18

. . . .

> 4.  In actions for injury to the person resulting from exposure to asbestos or products containing asbestos, when a diagnosis of asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related injury or disease is first communicated to the person or his agent by a physician.  However, no such action may be brought more than two years after the death of such person;

Va. Code § 8.01-249(4) (2011).

The statute is straightforward and uncomplicated, and has remained unchanged since its adoption in 1985.  The plain language of Section 8.01-249(4) creates a discovery rule applicable to "actions for injury to the person resulting from exposure to asbestos or products containing asbestos," and nothing more.  It makes no reference to the divisibility of claims, nor does it contravene the common law indivisible injury rule by addressing the potential for multiple suits to arise from the same asbestos exposure history.  This interpretation is expressed by the General Assembly's use of the singular word "injury" rather than "injuries," establishing plainly that there is but **one** injury that triggers an asbestos plaintiff's right to recover under Virginia law.  Likewise, the statute refers to the singular "cause of action" rather than the plural "causes of action," thereby establishing that there can be only **one** lawsuit to recover for all asbestos-related damages.

By its plain and unambiguous terms, the statute provides that an asbestos-related case accrues when a physician communicates any one of four things to a

person:  (1) the person has been diagnosed with asbestosis; (2) the person has been diagnosed with interstitial fibrosis; (3) the person has been diagnosed with mesothelioma; or (4) the person has been diagnosed with another "disabling asbestos-related injury or disease."  Va. Code § 8.01-249(4).  The statute mandates nothing more than this, and this Court should not read any other intention into it. *BBF, Inc. v. Alstom Power, Inc.*, 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) ("In construing a statute, we must apply its plain meaning, and 'we are not free to add [to] language, nor to ignore language, contained in statutes'") (*quoting SIGNAL Corp. v. Keane Federal Systems, Inc.*, 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)).

Plaintiff argues that the 1985 Amendment abrogated the indivisible injury rule.  Specifically, she argues that "[b]y specifically listing different diseases, the General Assembly recognized that each disease was a distinct injury with its own pathology, latency, and damages, and thus subject to a distinct cause of action." (Br. of Appellant at 22.)  Plaintiff is incorrect.  When the General Assembly institutes changes in the common law, it is required to do so explicitly; simply identifying different disabling diagnoses that could potentially invoke the discovery rule is not sufficient to allow this Court to abrogate prior holdings of the Supreme Court of Virginia.  *See Weathers v. Commonwealth*, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001) ("When the General Assembly acts in an area in which

one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly"); *Shipman*, 267 Va. at 502-03, 593 S.E.2d at 323-24 (holding that an amendment to Section 8.01-230 did not explicitly abrogate the "continuous representation" rule that the Supreme Court of Virginia had previously expressed).  Plaintiff urges this Court to read far greater meaning into the statute's text, notwithstanding that it contains no words explicitly abrogating the indivisible injury rule.  *See, e.g.*, *Catron v. State Farm Mut. Auto. Ins. Co.*, 255 Va. 31, 38-39, 496 S.E.2d 436, 439 (1998) ("Nowhere in [Section] 368 are the words 'credit' or 'priority' used.  Surely, if the General Assembly had intended [Section] 368 to modify the credit priorities of [Section] 2206, it would have included language to effect that purpose….").

It is also evident from the Revisers' Notes to Section 8.01-249 that the 1985 Amendment had no impact on the indivisible injury rule.  Although the Supreme Court of Virginia eschews legislative history where, as here, the statute is clear and unambiguous, *Town of Blackstone v. Southside Elec. Cooperative*, 256 Va. 527, 533, 506 S.E.2d 773, 776 (1998), it does look to the Reviser's Notes to inform its construction of statutes.  *Richmeade, L.P. v. City of Richmond*, 267 Va. 598, 604 n.3, 594 S.E.2d 606, 609 n.3 (2004) (noting that result was consistent with Revisers' Notes); *Simon v. Forer*, 265 Va. 483, 490-491, 578 S.E.2d 792, 796

(2003) ("While the Revisers' Note is not controlling on this Court… we have previously referred to it in interpreting Code § 8.01-229."); *Knodel v. Dickerman*, 246 Va. 124, 128, 431 S.E.2d 323, 325 (1993) (recognizing that the Supreme Court's interpretation of the statute was consistent with the Revisers' Note). The Revisers' Notes state that Section 8.01-249 creates a discovery rule exception to Section 8.01-230 but otherwise "follows Virginia law." The Revisers' Notes are silent regarding indivisible injury, but likely would not have been if that long-held tenet of Virginia law had been eliminated by the 1985 Amendment. The Revisers' Notes are also consistent with the Supreme Court of Virginia's holding in *Locke*, where it noted that it was simply extending preexisting Virginia law. 221 Va. at 959, 275 S.E.2d at 905-06.

Finally, Plaintiff argues that if "the General Assembly intended that a diagnosis of any asbestos-related disease would trigger the statute of limitations for all asbestos-related diseases for a given plaintiff, it would have stated so." (Br. of Appellant at 22.) Plaintiff misconstrues the rules of statutory construction. When Section 8.01-249(4) was enacted in 1985, the common law of Virginia did not afford plaintiffs a separate cause of action for each injury incurred as a result of a wrongful act. *See*, *e.g.*, *Street v. Consumers Mining Corp.*, 185 Va. 561, 566, 39 S.E.2d 271, 272 (1946). Accordingly, had the General Assembly desired to change that rule in the context of asbestos litigation, it was required to do so expressly in

the statutory language. *Weathers*, 262 Va. at 805, 553 S.E.2d at 730; *Wicks*, 215 Va. at 276, 208 S.E.2d at 755. The General Assembly was **not** required to further clarify already well-established Virginia common law, and Plaintiff's argument that it would have is without merit.

> **b.    Legislative activity occurring both before and after the 1985 Amendment establishes that the General Assembly did not abrogate the indivisible injury rule.**

Plaintiff further argues that the General Assembly's supposed adoption of the "two disease rule" through the 1985 Amendment harmonized tort law in Virginia with the analogous workers compensation law, which treats mesothelioma as a separate disease from asbestosis. (Br. of Appellant at 26-27); *see also* Va. Code § 65.2-406(B) ("The limitation on time of filing will cover all occupational diseases except…5. Mesothelioma due to exposure to asbestos"). In support of her argument, Plaintiff cites *Roller v. Basic Const. Co.*, 238 Va. 321, 384 S.E.2d 323 (1989) and *Wade v. Norfolk & S. Ry. Co*, No. CL05-523, 2009 Va. Cir. LEXIS 26 (Va. Cir. Ct. 2009). As an initial matter, these cases do not reference the rationale underlying the General Assembly's 1985 Amendment to Section 8.01-249 and offer no support for Plaintiff's argument. Moreover, *Wade*, a trial court decision, concerns the Federal Employers Liability Act, 45 U.S.C. Section 51 *et seq.*, not Virginia state law, and the passage in it that Plaintiff relies upon is *dicta*.

More importantly, comparing Section 8.01-249(4) to Section 65.2-406(B) demonstrates why Plaintiff's argument must fail. The plain language of Virginia Code Section 65.2-406(B) is entirely different from Section 8.01-249(4), because it **explicitly** carves out an exception for mesothelioma. This fact undermines Plaintiff's argument that the General Assembly adopted the "separate disease rule" in 1985 for asbestos cases – had the General Assembly intended to create separate causes of action for each asbestos-related disease, it knew how to do so as evidenced by the plain language it adopted in 1972 when the workers compensation statute was amended to treat mesothelioma as a separate disease from asbestosis. *See Martin v. Howard*, 273 Va. 722, 726, 643 S.E.2d 229, 231 (2007) ("Had the General Assembly intended to impose upon a petitioner the burden of showing good cause… it would have so provided. It did not do so."); *Hitt Construction et al. v. Pratt*, 53 Va. App. 422, 430, 672 S.E.2d 904, 907 (Va. Ct. App. 2009) ("Interpretation of the statute by comparison to other, similar statutes supports this result… showing that the General Assembly clearly knew how to limit a privilege… when it so desired.").

Plaintiff's argument is further undermined by more recent legislative activity. Indeed, the continuing operation of the indivisible injury rule in Virginia is reflected in the fact that the Virginia General Assembly has taken affirmative measures to soften its potentially harsh consequences. In 2006, the Virginia Code

was amended to except asbestos cases from a procedural statute permitting counsel to appear specially to seek dismissal of suits that had not been served within one year of filing. Va. Code § 8.01-277(B).[2] Similarly, in 2007, Virginia Code Section 8.01-335(D) was revised to ensure that asbestos cases would not be subject to the statute authorizing trial courts on their own initiative to strike cases from their dockets if the plaintiff fails to effect service within one year of filing.[3] The

---

[2] Virginia Code Section 8.01-277(B) provides, in relevant part:

> A person, upon whom process has not been served within one year of commencement of the action against him, may make a special appearance, which does not constitute a general appearance, to file a motion to dismiss. Upon finding that the plaintiff did not exercise due diligence to have timely service and sustaining the motion to dismiss, the court **shall dismiss the action with prejudice ….. Nothing in this subsection shall pertain to cases involving asbestos**.

Va. Code § 8.01-277(B) (2011) (emphasis added). This provision did not abrogate the requirements of Virginia Supreme Court Rule 3:5(e) (no judgment in an action served more than one year after filing, absent showing of due diligence); or Virginia Code Section 8.01-275 (service required within one year).

[3] Virginia Code Section 8.01-335(D) provides, in relevant part:

> Any court in which is pending a case wherein process has not been served within one year of the commencement of the case may, in its discretion, order it to be struck from the docket, and the action shall thereby by continued ….. **Nothing in this subsection shall apply to asbestos litigation.**

Va. Code § 8.01-335(D) (2011) (emphasis added).

General Assembly has carefully enacted these "safe harbor" provisions to protect asbestos plaintiffs from the avenues otherwise available to defendants that may serve to effectuate dismissal of their claims. Again, if Plaintiff's interpretation of Section 8.01-249(4) were correct, it would be unnecessary to create "safe harbor" provisions applicable only to asbestos plaintiffs.

Moreover, Plaintiff was well aware of the procedural mechanisms that impact cases decided under Virginia law, but chose to ignore them. Indeed, at the time the Original Action was filed in 1990, Virginia Code Section 8.01-249(4) had been in effect for five years, and Virginia's long-standing "indivisible cause of action" rule had been reaffirmed four years earlier in *Joyce*, 785 F.2d at 1204. Thus, nineteen years later, in 2009, when Plaintiff's decedent died as a result of mesothelioma and while the Original Action was still pending, Plaintiff **could have** amended the 1990 action to one sounding in wrongful death. She did not, and Section 8.01-249(4) cannot be used to revive a cause of action that has expired. *Sparks*, 1991 U.S. Dist. LEXIS 15791 at *4-*5. Plaintiff could not correct her decedent's failure to sue all of the allegedly responsible parties in the Original Action by filing the instant action against such parties after the limitations period expired. Nor can she now use Section 8.01-249(4) to shield her from the consequences of voluntarily dismissing the Original Action, rather than amending it to a wrongful death action.

This Court should affirm the District Court's dismissal of Plaintiff's lawsuit as time-barred, because the circumstances surrounding the 1985 Amendment do not support a finding that Section 8.01-249(4) abrogated the indivisible injury rule.

> c.    **Plaintiff's case law does not support her interpretation of Section 8.01-249(4).**

Plaintiff argues that the comments of the Fourth Circuit in *Joyce*, as well as the trend "being adopted across the country" of recognizing the "separate disease" rule, demonstrate that the 1985 Amendment transformed Virginia into a "separate disease" jurisdiction. (Br. of Appellant at 19-23.) Neither argument is persuasive, and both strategically omit important details.

First, Plaintiff emphasizes that the **dissenting** judge on the panel of the Fourth Circuit in *Joyce* indicated "that he read the 1985 amendment as changing the outcome of the case." (Br. of Appellant 19-20.) Based on the dissenting judge's comments, Plaintiff argues that "it is apparent that the General Assembly jettisoned the indivisible injury rule in asbestos cases in favor of the separate disease rule…." (Br. of Appellant 23.) Contrary to Plaintiff's assertion, however, the majority opinion **expressly recognized** that the 1985 Amendment did not abrogate Virginia's indivisible injury rule.

To wit, Plaintiff highlights the Fourth Circuit's concern that the result of the "indivisible cause of action theory" "may be harsh when applied to asbestos-related or other 'creeping disease' cases where, by definition, there may be gaps

between the onset of various distinct injuries cause by exposure to asbestos." (Br. of Appellant at 19.) Plaintiff omits, however, the sentence immediately following that statement: **"We are not, of course, at liberty to modify the rule. Any change in favor of asbestos or other latent disease plaintiffs must come from the Supreme Court of Virginia or the General Assembly of that state."** *Joyce*, 785 F.2d at 1205 (emphasis added). This statement comes after the court acknowledged, in a footnote, that "the Virginia statute of limitations was amended in 1985 to provide that actions for asbestos-related injuries or disease accrue 'when a diagnosis of asbestosis, interstitial fibrosis, mesothelioma or other disabling asbestos-related injury or disease is first communicated to the person or his agent by a physician.'" *Joyce*, 785 F.2d at 1204 n.5 (*quoting* Va. Code § 8.01-249(4) (1985)). In its footnote, the court recognized that Section 8.01-249(4) had created a discovery rule in asbestos personal injury actions. The sentence omitted by Plaintiff demonstrates, however, that the Fourth Circuit believed that the General Assembly, in enacting Section 8.01-249(4), had **not** eviscerated the indivisible injury rule. Plaintiff's reliance on the dissenting judge's opinion is misplaced.

Second, Plaintiff cites to the "overwhelming majority" of jurisdictions that have "adopted the separate disease rule," as grounds for finding that Virginia has done the same. (Br. of Appellant at 10.) But the law in other states has no bearing on Virginia's law, which is often very different in material respects from that of

many other states.  *See*, *e.g.*, *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 424, 374 S.E.2d 55, n.4 (1988) (recognizing that Virginia law has not adopted § 402A of the Restatement (Second) of Torts and does not permit tort recovery on a strict liability theory in products liability cases); *Seymour v. Richardson*, 194 Va. 709, 712, 75 S.E.2d 77, 79 (1953) (holding that Virginia's wrongful death statute does not allow for the recovery of decedents' pain and suffering in a wrongful death suit); *Baskett v. Banks*, 186 Va. 1022, 1031 (1947) (holding that Virginia does not recognize the comparative negligence doctrine); Va. Code § 55-36 (2011) (husband may not bring action for loss of consortium due to injury of wife); Va. Code § 8.01-420 (2011) (prohibiting motions for summary judgment based in whole or in part upon discovery depositions).

Moreover, Plaintiff fails to acknowledge that most jurisdictions have moved toward the "two disease rule" or "separate disease rule" in asbestos cases not as a result of statutory revisions, but rather as a result of judge-made law in select courts from those individual jurisdictions based upon principles of "fairness," "equity," and "judicial economy."  In fact, only two jurisdictions cited by Plaintiff, New York and California, adopted the "separate disease" rule due to legislative amendments to statutes of limitations.  *Hamilton v. Asbestos Corp.*, 998 P.2d 403, 408-09 (Cal. 2000) (*quoting* Section 340.2 of the California Code of Civil

Procedure); *Fusaro v. Porter-Hayden Co.*, 548 N.Y.S.2d 856, 858 (N.Y. Sup. Ct. 1989), *aff'd*, 170 A.D.2d 239 (N.Y. App. Div. 1st Dep't 1991).

Neither Virginia's General Assembly nor its courts have abandoned the indivisible injury rule. Moreover, Virginia is not alone in choosing not to adopt the "separate disease" regime. *See*, *e.g.*, *Potts v. The Celotex Corp.*, 796 S.W.2d 678, 684 (Tenn. 1990) (observing that Virginia is among the few states holding that statutes of limitations begin to run from the manifestation of the initial asbestos-related illness); *Matthews v. The Celotex Corp.*, 569 F. Supp. 1539, 1542 (D.N.D. 1983) ("The North Dakota Supreme Court has repeatedly held a single cause of action cannot be divided, and that where there is a single cause of action, although there may be different kinds of damages, only one suit can be brought").

Finally, Plaintiff has failed to direct this Court to a single case, in the more than 25 years since Section 8.01-249(4) was enacted, where a "separate disease" asbestos claim has been pursued under Virginia law. If the separate disease rule has been the law under Virginia law for a quarter century, it would follow that such claims would be routinely prosecuted under Virginia law. That they are not further demonstrates that Plaintiff's argument is without merit.

In sum, while the General Assembly carved out an express asbestos disease exception to the common law principle that there is no discovery rule in Virginia personal injury actions, it took no action with regard to the indivisible injury rule.

As Plaintiff concedes, Kiser was diagnosed with asbestosis, one of the enumerated disabling diseases, in 1988. (Br. of Appellant at 4-5.) Accordingly, Plaintiff had until 1990 to file suit against all of the defendants allegedly responsible for Kiser's injury. Plaintiff's suit to recover for Kiser's mesothelioma and subsequent death, which suit was not filed until 2010, is necessarily time-barred under the plain language of the statute. *Arrington v. Peoples Security Life Insurance Company*, 250 Va. 52, 55, 458 S.E.2d 289, 290-91 (1995) (observing that statutes of limitations are strictly enforced and exceptions thereto are narrowly construed; a statute should be applied unless the General Assembly clearly creates an exception, and any doubt must be resolved in favor of the enforcement of the statute). Plaintiff's wrongful death lawsuit was filed many years beyond the applicable limitations period, and there is no exception available to save it.

### B.    The Court Should Deny Plaintiff's Request to Certify a Question for Review by the Supreme Court of Virginia.

Plaintiff urges this Court to certify the question presented by this case to the Supreme Court of Virginia. (Br. of Appellant at 28-30.) Plaintiff previously asked the District Court to do the same, arguing that the question of whether Virginia has abrogated the indivisible injury rule and now follows the separate disease rule is

one that should be addressed by Virginia's highest court of appeals. (A420-421, A565-566, A574-578.) The District Court denied that request. (A22.)[4]

Rule 5:40 of the Rules of the Supreme Court of Virginia provides that a federal district court may request certification where a question of Virginia law is "determinative" in the pending proceeding **and** "there is no controlling precedent on point" in the decisions of Virginia's Supreme Court or Court of Appeals. Va. Sup. Ct. R. 5:40(a) (2011).[5] Regardless of the availability of Rule 5:40's certification procedure, certification is never compelled, *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91, 94 S. Ct. 1741, 40 L. Ed. 2d 215 (1974), and this Court

---

[4] It almost certainly did not go unnoticed by the District Court that counsel for Plaintiff – who has been practicing in Virginia since before the 1985 amendment – did not see fit to pursue this unique question of Virginia law in a Virginia court, and further contested resolution of Defendants' motions to dismiss in a Virginia federal court in favor of the District Court in Philadelphia. (A361-362, Pl.'s Obj. to Defs.' Noticed Hrg.)

[5] Rule 5:40(a) provides:

> This Court may in its discretion answer questions of law certified to it by the Supreme Court of the United States, a United States court of appeals for any circuit, a United States district court, or the highest appellate court of any state, territory, or the District of Columbia. Such answer may be furnished, when requested by the certifying court, if a question of Virginia law is determinative in any proceeding pending before the certifying court **and it appears there is no controlling precedent on point in the decisions of this Court** or the Court of Appeals of Virginia.

Va. Sup. Ct. R. 5:40(a)(2011)(emphasis added).

remains under a duty to decide questions of state law, even if difficult and uncertain, when necessary to render judgment. *Meredith v. City of Winter Haven*, 320 U.S. 228, 234-35, 64 S. Ct. 7, 88 L. Ed. 9 (1943).  At least two Virginia federal district courts have observed that "certification involves an imposition on the time and resources of the Supreme Court of Virginia" and "an increase in the expenditure of time and resources by the parties." *Legard v. EQT Prod. Co.*, 771 F. Supp. 2d 607 (W.D. Va. 2011) (*citing West Am. Ins. Co. v. Bank of Isle of Wight*, 673 F. Supp. 760, 764 (E.D. Va. 1987)).  Thus, "the discretion to certify should be cautiously exercised." *West Am. Ins. Co.*, 673 F. Supp. at 764.

Plaintiff's motion for certification should be denied because there is controlling Virginia precedent on point. *See Locke*, 221 Va. 951, 275 S.E.2d 900; *St. George*, 253 Va. 329, 332, 484 S.E.2d 888, 890; *Shipman*, 267 Va. 495, 593 S.E.2d 319; Va. Sup. Ct. R. 5:40(a); *Allstate Ins. Co. v. McElrath*, No. 10-cv-788, 2011 U.S. Dist. LEXIS 66243, *10-*11 (E.D. Va. June 15, 2011) (denying motion for certification because there was already controlling precedent in the state court). Defendants respectfully submit that the District Court was correct when it held that "the question of whether Virginia should recognize the separate disease rule need not be submitted to the Supreme Court of Virginia… because… Virginia adheres to the indivisible cause of action theory."  (A22.)

33

## VII.  CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court affirm the District Court's March 17, 2011, order dismissing Plaintiff's lawsuit with prejudice, and grant such further relief as this Court deems just and proper under the circumstances.

Respecfully submitted,

/s/ Michael A. Pollard
Michael A. Pollard
Michael C. McCutcheon
BAKER & MCKENZIE LLP
130 East Randolph Drive, Suite 3500
Chicago, Illinois  60601
(312) 861-2786

*Counsel for John Crane Inc.*

/s/ Brian J. Schneider
Brian J. Schneider
C. Stinson Mundy
MORAN, REEVES & CONN P.C.
4110 East Parham Road
Richmond, Virginia  23228
(804) 864-4814

*Counsel for John Crane Inc.*

/s/ Stephen R. Jackson
Stephen R. Jackson
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510
(757) 628-5642

*Counsel for Riley Power, Inc. &*
  *SEPCO Corporation*

/s/ Jeffrey S. Poretz
Jeffrey S. Poretz
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia  22102
(703) 610-8650

*Counsel for Georgia-Pacific LLC,*
  *f/k/a Georgia-Pacific Corporation*

/s/ David M. Sturm
David M. Sturm
TADDEOSTURM PLC
3 West Cary Street
Richmond, Virginia  23220
(804) 344-8540

*Counsel for General Electric Company &*
  *Foster Wheeler Corporation*

/s/ Patricia Bugg Turner
Patricia Bugg Turner
SPOTTS FAIN, PC
411 East Franklin Street, Suite 600
Post Office Box 1555
Richmond, Virginia  23218
(804) 697-2000

*Counsel for Ingersoll-Rand Company,*
  *Trane U.S., Inc., & CBS Corporation*

/s/ Tracey McDevitt Hagan
Tracey McDevitt Hagan
REILLY, JANICZEK & MCDEVITT, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia, Pennsylvania  19107
(215) 972-5200

*Counsel for SEPCO Corporation*


/s/ R. Thomas Radcliffe, Jr.
R. Thomas Radcliffe, Jr.
Kay Millicent Brown
Kira A. Ligato
DEHAY & ELLISTON, LLP
36 South Charles Street, Suite 1300
Baltimore, Maryland  21201
(410) 783-7225

*Counsel for Goulds Pumps, Inc.*

/s/ Timothy S. Brunick
Timothy S. Brunick
CLARKE, DOLPH, RAPAPORT, HULL,
  BRUNICK & GARRIOTT, PLC
6160 Kempsville Circle, Suite 101A
Norfolk, Virginia  23502
(757) 466-0464

*Counsel for Warren Pumps, LLC*

/s/ Genevieve G. Marshall
Genevieve G. Marshall
GAVETT AND DATT, P.C.
15850 Crabbs Branch Way, Suite 180
Rockville, Maryland  20855
(301) 948-1177

*Counsel for Harsco Industrial
  Patterson-Kelley*

/s/ John J. Hare
John J. Hare
Joshua D. Scheets
MARSHALL, DENNEHEY, WARNER,
  COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, Pennsylvania  19103
(215) 575-2609

*Counsel for Zenith Pumps*

## <u>CERTIFICATE OF BAR MEMBERSHIP</u>

The undersigned hereby certify that they are members in good standing of

the United States Court of Appeals for the Third Circuit.

/s/ Michael A. Pollard
Michael A. Pollard
Illinois State Bar No.6186000
Michael C. McCutcheon
BAKER & McKENZIE LLP
130 East Randolph Drive, Suite 3500
Chicago, Illinois  60601
(312) 861-2786

*Counsel for John Crane Inc.*

/s/ Stephen R. Jackson
Stephen R. Jackson
Virginia State Bar No. 27471
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510
(757) 628-5642

*Counsel for Riley Power, Inc. &*
  *SEPCO Corporation*

/s/ David M. Sturm
David M. Sturm
Virginia State Bar No. 44580
TADDEOSTURM PLC
3 West Cary Street
Richmond, Virginia  23220
(804) 344-8540

*Counsel for General Electric Company &*
  *Foster Wheeler Corporation*

/s/ Brian J. Schneider
Brian J. Schneider
Virginia State Bar No. 45841
C. Stinson Mundy
MORAN, REEVES & CONN P.C.
4110 East Parham Road
Richmond, Virginia  23228
(804) 864-4814

*Counsel for John Crane Inc.*

/s/ Jeffrey S. Poretz
Jeffrey S. Poretz
Virginia State Bar No. 38529
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia  22102
(703) 610-8650

*Counsel for Georgia-Pacific LLC,*
  *f/k/a Georgia-Pacific Corporation*

/s/ Patricia Bugg Turner
Patricia Bugg Turner
Virginia State Bar No. 72775
SPOTTS FAIN, PC
411 East Franklin Street, Suite 600
Post Office Box 1555
Richmond, Virginia  23218
(804) 697-2000

*Counsel for Ingersoll-Rand Company,*
  *Trane U.S., Inc., & CBS Corporation*

/s/ Tracey McDevitt Hagan
Tracey McDevitt Hagan
REILLY, JANICZEK & MCDEVITT, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia, Pennsylvania  19107
(215) 972-5200

*Counsel for SEPCO Corporation*


/s/ R. Thomas Radcliffe, Jr.
R. Thomas Radcliffe, Jr.
Virginia State Bar No. 34711
Kay Millicent Brown
Virginia State Bar No. 30764
Kira A. Ligato
Virginia State Bar No. 51055
DEHAY & ELLISTON, LLP
36 South Charles Street, Suite 1300
Baltimore, Maryland  21201
(410) 783-7225

*Counsel for Goulds Pumps, Inc.*

/s/ Timothy S. Brunick
Timothy S. Brunick
Virginia State Bar No. 35783
CLARKE, DOLPH, RAPAPORT, HULL,
  BRUNICK & GARRIOTT, PLC
6160 Kempsville Circle, Suite 101A
Norfolk, Virginia  23502
(757) 466-0464

*Counsel for Warren Pumps, LLC*


/s/ Genevieve G. Marshall
Genevieve G. Marshall
DC Bar No. 494212
GAVETT AND DATT, P.C.
15850 Crabbs Branch Way, Suite 180
Rockville, Maryland  20855
(301) 948-1177

*Counsel for Harsco Industrial*
  *Patterson-Kelley*


/s/ John J. Hare
John J. Hare
Joshua D. Scheets
MARSHALL, DENNEHEY, WARNER,
  COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, Pennsylvania  19103
(215) 575-2609


(215) 575-2609

*Counsel for Zenith Pumps*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains *8,175* words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[    ] this brief uses a monospaced typeface and contains [state the number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14pt Times New Roman; or

[    ] this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].


Dated:  August 15, 2011                      /s/ Michael A. Pollard
                                                         *Counsel for John Crane Inc.*

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

I hereby certify that a copy of this brief (1) was submitted in digital format,

(2) is an exact copy of the written document filed with the Clerk, and (3) has been

scanned for viruses with Symantec AntiVirus 12.0.1001.95 and according to the

program, is free of viruses.

Dated: <u>August 15, 2011</u>          <u>/s/ Michael A. Pollard</u>
                                             *Counsel for John Crane Inc.*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of August, 2011, I caused this Brief of

Appellees to be filed electronically with the Clerk of the Court using the CM/ECF

System, which will send notice of such filing to the following registered CM/ECF

users:

| | |
|---|---|
| E. Kyle McNew<br>Gary W. Kendall<br>MICHIE HAMLETT LOWRY<br>  RASMUSSEN & TWEEL, PLLC<br>500 Court Square, Suite 300<br>Post Office Box 298<br>Charlottesville, Virginia  22902<br>(434) 951-7200 | Nathan D. Finch<br>MOTLEY RICE, LLC<br>1000 Potomac Street, NW, Suite 150<br>Washington, DC 20007<br>(202) 232-5507 |
| *Counsel for Appellant* | *Counsel for Appellant* |

I. Eric Orseck
SNR Denton US
101 John F. Kennedy Parkway
Short Hills, New Jersey  07078
(973) 912-7129

*Counsel for Rapid American Corp.*

I further certify that on this 15th day of August, 2011, I caused the required

copies of this Brief of Appellees to be filed with the Clerk's Office of the United

States Court of Appeals for the Third Circuit via UPS Next Day Air.

Dated:  August 15, 2011                        /s/ Michael A. Pollard
                                               *Counsel for John Crane Inc.*